KINNEMAN, RESPONDENT, v. CAMPBELL ET AL., APPELLANTS.

(No. 7,738.)

(Submitted May 25, 1938. Decided July 22, 1938.)

[81 Pac. (2d) 684.]

*Mr. John A. Matthews,* Special Counsel for Appellants, submitted a memorandum of authorities, and argued the cause orally.

*Messrs. O'Hara, Madeen & Grant* and *Mr. Donovan Worden,* for Respondent, submitted a memorandum of authorities; *Mr. Worden* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

Notice of appeal was served and filed in this action June 25, 1937. August 16, 1937, an additional sixty days' time was granted to defendants in which to file their transcript. Such additional time gave defendants until October 21, 1937, to file the transcript. April 22, 1938, the plaintiff filed a motion, supported by affidavits, to dismiss the appeal, and on April 26 an order was entered by this court setting the motion to dismiss for hearing on May 5, 1938. This order and notice of hearing were served upon, and duly acknowledged by, counsel for the defendants. At the time set for hearing, counsel for plaintiff appeared but no one appeared on behalf of the defendants, and the motion to dismiss was granted. Thereafter, on May 14, counsel for the defendants moved to vacate the order of dismissal and reinstate the appeal, which motion was supported by various affidavits. The motion to reinstate came on for hearing May 25, at which both parties verbally presented arguments; briefs were submitted and the matter has been considered by the court.

Subdivision 2 of Rule IV of this court provides: "The transcript shall be filed by the appellant with the clerk of this court within sixty days after such appeal is perfected, or the appeal will be subject to dismissal on motion of the adverse party; but if it appear that the delay has been without laches on the

part of the appellant, his appeal will not be dismissed for such delay, until reasonable time is allowed for filing the record.''

We think the reasons assigned for the long delay in filing the transcript are insufficient to justify the court in reinstating the appeal. Even after the notice of the motion to dismiss was made and served upon counsel for the defendants, no appearance was made when the motion came on for hearing.

From the affidavits filed by defendants it appears that misunderstandings arose between defendants and their counsel. Mr. Kurtz, chief counsel for the defendants, had some controversy with his clients relative to the payment of his fees and about other matters, and he presented a lengthy affidavit explaining such circumstances. It is quite clear that defendants had no reasonable ground to believe that Kurtz would continue as their counsel in the action unless the demands he made were complied with; yet perfection of the appeal was left in his hands.

The plaintiff was very generous in the matter of time before demanding dismissal. The motion to dismiss would have been timely at any time subsequent to October 21, 1937, but it was not made until some six months thereafter.

There must be some end to litigation, and when parties do not diligently pursue their remedies, the court must grant the other party such relief as the law provides.

The motion to reinstate is denied.

ASSOCIATE JUSTICES STEWART, ANDERSON and ANGSTMAN concur.